In re:  
Eugene Gordon  
    Debtor

Case No. 18-04264-HWV  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0314-1    User: AGarner    Page 1 of 2    Date Rcvd: Dec 14, 2018  
                 Form ID: pdf002    Total Noticed: 32

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 16, 2018.

```
db           +Eugene Gordon,    110 N 45th Street,    Harrisburg, PA 17111-2630
5117297       ACI,    2420 SWEET HOME ROAD, STE 150,    AMHERST, NY 14228-2244
5117298       BUREAU OF ACCOUNT MGMT,    3607 ROSEMONT AVE STE 502,    PO BOX 8875,    CAMP HILL, PA 17001-8875
5117301       COMMONWEALTH OF PA,    DEPARTMENT OF REVENUE,    BUREAU OF INDIVIDUAL TAXES,    DEPT 280432,
              HARRISBURG, PA 17128-0432
5117302       COMPUTER CREDIT, INC,    CLAIM DEPT 009696,    470 W HANES MILL ROAD,    PO BOX 5238,
              WINSTON SALEM, NC 27113-5238
5117305      +DSNB MACYS,    BK NOTICES,    PO BOX 8053,    MASON, OH 45040-8053
5117306      +EOS CCA,    700 LONGWATER DRIVE,    NORWELL, MA 02061-1624
5117307      +GC SERVICES LP,    6330 GULFTON,    HOUSTON, TX 77081-1198
5117308      +GEORGIA GORDON,    INMATE # OX5127,    PO BOX 180,    MUNCY, PA 17756-0180
5117309      +HUD/FHA,    NATIONAL SERVICING CENTER,    301 NW SIXTH ST, STE 200,
              OKLAHOMA CITY, OK 73102-2811
5117310      +IC SYSTEM,    PO BOX 64378,    SAINT PAUL, MN 55164-0378
5117312      +KML LAW GROUP PC,    SUITE 5000 - BNY INDEPENDENCE CENTER,    701 MARKET STREET,
              PHILADELPHIA, PA 19106-1538
5117315      +M&T BANK MORTGAGE,    LENDING SERVICES CORRESPONDENCE ADDRESS,    PO BOX 1288,
              BUFFALO, NY 14240-1288
5117316      +MODERN RECOVERY SOLUTIONS,    PO BOX 500,    NEWMANSTOWN, PA 17073-0500
5117317      +PENN WASTE INC,    PO BOX 3066,    85 BRICKYARD ROAD,    YORK, PA 17402-0066
5117318      +PPG ARCHITECTURAL COATINGS,    PO BOX 536864,    ATLANTA, GA 30353-6864
5117319      +QUEST FIAGNOSTICS,    C/O PATIENT BANKRUPTCY SERVICES,    1001 ADAMS AVENUE,
              NORRISTOWN, PA 19403-2401
5117320      +SUEZ WATER PENNSYLVANIA,    CUSTOMER SERVICE CENTER,    8189 ADAMS DRIVE,
              HUMMELSTOWN, PA 17036-8625
5117321       SWATARA TWP AUTHORITY,    PO BOX 4920,    HARRISBURG, PA 17111-0920
5117322     ++T MOBILE,    C O AMERICAN INFOSOURCE LP,    4515 N SANTA FE AVE,    OKLAHOMA CITY OK 73118-7901
              (address filed with court:  T-MOBILE BANKRUPTCY DEPT,    PO BOX 37380,    ALBUQUERQUE, NM 87176)
5117323    ++UGI UTILITIES INC,    ATTN CREDIT & COLLECTIONS,    P O BOX 13009,    READING PA 19612-3009
              (address filed with court:  UGI CORP,    225 MORGANTOWN RD,    READING, PA 19611)
5117324      +UNEMP COMP OVERPAYMENT MATTERS,    DEPT OF L&I - OFFICE OF CHIEF COUNSEL,
              651 BOAS STREET 10TH FLOOR,    HARRISBURG, PA 17121-0751
5117325      +UNEMPL COMP TAX MATTERS,    HARRISBURG CASES L&I OFF CHIEF COUNSEL,    651 BOAS STREET 10TH FLOOR,
              HARRISBURG, PA 17121-0751
5117326      +UPMC PINNACLE HEALTH HOSPITALS,    PO BOX 2353,    HARRISBURG, PA 17105-2353
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.

```
5117299      +E-mail/Text: dehartstaff@pamd13trustee.com Dec 14 2018 19:50:19     CHARLES J DEHART, III, ESQ.,
              8125 ADAMS DRIVE STE A,    HUMMELSTOWN PA 17036-8625
5117300       E-mail/Text: RVSVCBICNOTICE1@state.pa.us Dec 14 2018 19:50:01     COMM OF PA DEPT OF REVENUE,
              BUREAU OF COMPLIANCE,    PO BOX 280946,    HARRISBURG, PA 17128-0946
5117303      +E-mail/Text: bankruptcy@credencerm.com Dec 14 2018 19:50:25     CREDENCE RESOURCE MGMT LLC,
              17000 DALLAS PKWY, STE 204,    DALLAS, TX 75248-1940
5117304      +E-mail/Text: bankruptcy_notifications@ccsusa.com Dec 14 2018 19:50:27
              CREDIT COLLECTION SERVICES,    725 CANTON STREET,    NORWOOD, MA 02062-2679
5117311       E-mail/Text: cio.bncmail@irs.gov Dec 14 2018 19:49:43     INTERNAL REVENUE SERVICE - CIO,
              PO BOX 7346,    PHILADELPHIA, PA 19101-7346
5117314       E-mail/Text: camanagement@mtb.com Dec 14 2018 19:49:49     M&T BANK,    1100 WEHRLE DRIVE,
              WILLIAMSVILLE, NY 14221
5117313       E-mail/Text: camanagement@mtb.com Dec 14 2018 19:49:49     M&T BANK,    ONE FOUNTAIN PLAZA,
              BUFFALO, NY 14203
5117327       E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Dec 14 2018 19:49:33
              VERIZON BANKRUPTCY DEPT,    500 TECHNOLOGY DR, STE 550,    SAINT CHARLES, MO 63304-2225
                                                                                               TOTAL: 8
```

      ***** BYPASSED RECIPIENTS *****  
NONE.                                                                                                                                                       TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.  
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address  
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

***** BYPASSED RECIPIENTS (continued) *****

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Dec 16, 2018                                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on December 14, 2018 at the address(es) listed below:
          Charles J DeHart, III (Trustee)    dehartstaff@pamd13trustee.com,  TWecf@pamd13trustee.com
          James   Warmbrodt    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com
          Kara Katherine Gendron   on behalf of Debtor 1 Eugene  Gordon karagendronecf@gmail.com,
           doriemott@aol.com;mottgendronlaw@gmail.com;bethsnyderecf@gmail.com
          United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                      TOTAL: 4
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: | : | CHAPTER 13 |
|---|---|---|
| EUGENE GORDON | : | |
| Debtor | : | CASE NO. 1:18-bk-04264 |
| | : | |
| | : | ☒ ORIGINAL PLAN |
| | : | |
| | : | ☐ AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.) |
| | : | |
| | : | ☐ 0 Number of Motions to Avoid Liens |
| | : | |
| | : | ☐ 0 Number of Motions to Value Collateral |

### CHAPTER 13 PLAN

#### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ 0 Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☒ Not Included |

#### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   **A**. <u>Plan Payments From Future Income</u>

     1. To date, the Debtor paid $0 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $14,400.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 10/2018 | 01/2019 | $100.00 x 4 months | $ |  | $400.00 |
| 02/2019 | 09/2023 | $250.00 x 56 months | $ |  | $14,000.00 |
|  |  |  | $ | $ | $ |
|  |  |  | $ | $ | $ |
|  |  |  | $ | $ | $ |
|  |  |  |  | Total Payments | $14,400.00 |

     2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

     3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

     4. CHECK ONE: ☒ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

   **B**. <u>Additional Plan Funding From Liquidation of Assets/Other</u>

     1. The Debtor estimates that the liquidation value of this estate is $. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
☒   No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.

**2. SECURED CLAIMS**
   **A. <u>Pre-Confirmation Distributions</u>**. *Check one*.

☒   None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

   **B**. <u>Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor</u>. *Check one*.

☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| M&T BANK | 110 N 45th St, Harrisburg, PA 17111 | 2340 |
| SWATARA TWP AUTHORITY | 110 N 45th St, Harrisburg, PA 17111 | 3105 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence)**. *Check one.*

☐ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| M&T BANK | 110 N 45th St, Harrisburg, PA 17111 | Per allowed proof of claim $6,768.00 estimated | | Per allowed proof of claim |
| SWATARA TWP AUTHORITY | 110 N 45th St, Harrisburg, PA 17111 | Per allowed proof of claim $200.00 estimated | | Per allowed proof of claim |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**

☐ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☒ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until completion of payments under the plan.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| HUD/FHA | 110 N 45th St, Harrisburg, PA 17111 | | | No Payments on Contingent Claim |

**E. Secured claims for which a § 506 valuation is applicable**. *Check one.*

☒ None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

**F. Surrender of Collateral**. *Check one.*

☒ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*

☒ None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

**3. PRIORITY CLAIMS.**

   **A. Administrative Claims**

    1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
    2. <u>Attorney's fees</u>. Complete only one of the following options:
      a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).
    3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   **B. Priority Claims (including, but not limited to, Domestic Support Obligations other than those treated in § 3.C below)**. *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 3.B need not be completed or reproduced.

**C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*

☒ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

## 4. UNSECURED CLAIMS
   **A. Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES. *Check one of the following two lines.*

☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

## 6. VESTING OF PROPERTY OF THE ESTATE.
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

## 7. DISCHARGE: (Check one)
☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

## 8. ORDER OF DISTRIBUTION:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:
Level 1:     Adequate protection payments.
Level 2:     Debtor's attorney's fees.
Level 3:     Domestic Support Obligations.
Level 4:     Secured claims, pro rata.
Level 5:     Priority claims, pro rata.
Level 6:     Specially classified unsecured claims.
Level 7:     General unsecured claims.
Level 8:     Untimely filed unsecured claims to which the debtor has not objected.

## 9. NONSTANDARD PLAN PROVISIONS

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)
   (1)  Claim amounts:  The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.
   (2)  Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.

(3) Lien Releases.

  (a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

  (b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

(4) Notwithstanding the confirmation of this plan, the debtor(s) reserve the right to challenge the allowance, validity, or enforceability of any claim in accordance with §502(b) and to challenge the standing of any party to assert any such claim

.

/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)


 /s/ Eugene Gordon
Debtor


By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9