IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| EUGENE GORDON | : | |
|     Debtor | : | CASE NO. 1:18-bk-04264 |
| | : | |
| | : | |
| | : | |

**MOTION TO EXEMPT DEBTOR FROM REQUIREMENT TO COMPLETE INSTRUCTIONAL COURSE CONCERNING PERSONAL FINANCIAL MANAGEMENT AND OFFICIAL FORM 2830 (CERTIFICATIONS REGARDING DOMESTIC SUPPORT OBLIGATIONS AND 11 USC 522Q)**

COMES NOW the Debtor, by and through Mott & Gendron Law and moves to exempt the Debtor from the post-petition Financial Management requirement and from filing Official form 2830, respectfully stating in support thereof as follows:

1. The Debtor filed the above-captioned bankruptcy petition on October 8, 2018.

2. 11 U.S.C. §727(a)(11) provides that the court shall grant the debtor a discharge unless, "after filing the petition, the debtor failed to complete an instructional course concerning personal financial management described in section 111, except that this paragraph shall not apply with respect to a debtor who is a person described in section 109(h)(4) ..."

3. 11 U.S.C. §109(h)(4) provides that the requirement (to obtain a credit counseling certificate) "shall not apply with respect to a debtor whom the court determines, after notice and hearing, is unable to complete those requirements because of incapacity, disability, or active military duty in a military combat zone. For the purposes of this paragraph, "incapacity" means that the debtor is impaired by reason of mental illness or mental deficiency so that he is incapable of realizing and making rational decisions with respect to his financial responsibilities; and

"disability" means that the debtor is so physically impaired as to be unable, after reasonable effort, to participate in an in person, telephone, or internet briefing required under paragraph (1)

4. The Debtor died on August 19, 2025 and is therefore incapable of making rational decisions with respect to his financial responsibilities and is so physically impaired that he is unable to participate in an in-person, telephone briefing.

5. The Debtor did not have a domestic support obligation.

6. The Debtor seeks to waive the requirement to complete an instructional course concerning personal financial management.

7. The Debtor also seeks an exemption from filing Official Form 2830 (Certifications Regarding Domestic Support Obligations and 11 USC 522q -- for discharge --) because he is deceased.

WHEREFORE, the Debtor moves for an exemption from the requirement to file a Certificate of Financial Management and Official Form 2830 (Certifications Regarding Domestic Support Obligations and 11 USC 522q -- for discharge --) because he is deceased.

Respectfully submitted,

/s/ Dorothy L. Mott

_____
Dorothy L. Mott Esquire
Dorothy L. Mott Law Office, LLC
125 State Street
Harrisburg, PA 17101
(717) 232–6650 Telephone
(717) 232-0477 Fax
doriemott@aol.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| EUGENE GORDON | : | |
| Debtor | : | CASE NO. 1:18-bk-04264 |
| | : | |
| | : | |
| | : | |

# **O R D E R**

UPON CONSIDERATION of the Motion to Exempt the Debtor from the requirement to file a Certificate of Financial Management and Official Form 2830 (Certifications Regarding Domestic Support Obligations and 11 USC 522q -- for discharge --), and cause appearing therefore, it is hereby

ORDERED AND DECREED that the Debtor is exempted from filing a Certificate of Financial Management and Official Form 2830 (Certifications Regarding Domestic Support Obligations and 11 USC 522q -- for discharge --)